60 F.3d 822
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Michael Thomas HARPER, Plaintiff-Appellant,
v.
Robert CASTIGNETTI; Larry Schaffer; Sandy Williams;
Andrew Alperstien, Defendants-Appellees.
 No. 94-7156.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 7, 1995.
Decided June 30, 1995.
 
 Michael Thomas Harper, appellant pro se.
 Before MURNAGHAN, WILKINSON, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Thomas Harper appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint.* Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm the district court's order, but on modified grounds.
 
 
 2
 Where a prisoner seeks damages under Sec. 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. Sec. 2254 (1988). Heck v. Humphrey, 62 U.S.L.W. 4594, 4597 (U.S.1994). A claim for damages bearing such a relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983. Id. When a state prisoner seeks damages in a Sec. 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Harper has not made such a showing, but the district court did not address this issue in its opinion.
 
 
 3
 Though we find that the district court correctly classified Harper's action as challenging the legality of his state confinement and properly dismissed the claim without prejudice, we modify the court's reasoning, in accord with Heck, to reflect that Harper's action is dismissed without prejudice because he failed to make the requisite showing that his state conviction was ever invalidated. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *
 We note the district court's dismissal was without prejudice. Since no amendment to Harper's complaint could have saved his action from dismissal, we find the court's order is appealable. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066-67 (4th Cir.1993)